# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | 8:15CR247 |
| vs. | ) | FINDINGS AND |
| JAQUAN D. WASHINGTON, BLAYNE L. MCCROY, and EDWARD DAVIS, | ) | RECOMMENDATIONS |
| Defendants. | ) | |

This matter is before the court on the motions to dismiss by defendants Jaquan D. Washington (Washington) (Filing No. 53), Blayne L. Mc Croy (McCroy) (Filing No. 63), and Edward Davis (Davis) (Filing No. 65). The defendants are jointly charged in the Indictment with the armed robbery of the Bank of the West, 8707 West Center Road, in Omaha, Nebraska, on November 20, 2014 (Count I). They are also jointly charged with the brandishing and discharge of a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A) (Count II).

Each of the defendants seek to dismiss Count II of the Indictment asserting bank robbery is not a crime of violence following the U.S. Supreme Court's decision in ***Johnson v. United States***, 135 S. Ct. 2551 (2015). The court held an evidentiary hearing on the motions on December 15, 2015. Washington was present with his counsel, Federal Public Defender David R. Stickman. McCroy was present with his counsel, Deborah D. Cunningham. Davis was present with his counsel Joseph L. Howard. The United States was represented by Assistant U.S. Attorney Susan T. Lehr. The court took judicial notice of the Indictment and no further evidence was adduced by any party. A transcript (TR.) of the hearing was prepared and filed on December 21, 2015 (Filing No. 83). There was no post-hearing briefing.

## MOTIONS TO DISMISS

Each of the defendants is charged in the Indictment as follows:

COUNT I
On or about the 20th day of November, 2014, in the District of Nebraska, the defendants, JAQUAN D. WASHINGTON, BLAYNE L. MCCROY, and EDWARD DAVIS, did by force, violence and intimidation take from the person and presence of an employee of Bank of the West, $1,026.90

of United States currency belonging to and in the care, custody, control, management and possession of Bank of the West, 8707 West Center Road, Omaha, Nebraska, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

In violation of Title 18, United States Code, Section 2113(a) and Title 18, United States Code, Section 2

## COUNT II

On or about the 20th day of November, 2014, in the District of Nebraska, the defendants, JAQUAN D. WASHINGTON, BLAYNE L. MCCROY, and EDWARD DAVIS, did knowingly brandish, discharge, carry and use a firearm, that is, a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, bank robbery.

In violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2.

Section 924(c)(1)(A) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which a person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime —
> (i) be sentenced to a term of imprisonment of not less than 5 years:
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

Each of the defendants move to dismiss Count II of the Indictment asserting bank robbery is not a crime of violence following the U.S. Supreme Court's decision in ***Johnson v. United States***, 135 S. Ct. 2551 (2015). In ***Johnson*** the Supreme Court dealt with provisions of the Armed Career Criminal Act (ACCA). The ACCA was included in the Comprehensive Crime Control Act of 1984 and provides for enhanced punishment for a person possessing a firearm if the violator has three or more earlier convictions of a serious

drug offense or a violent felony. 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as one that:

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*, . . . .

18 U.S.C. § 924(e)(2)(B).

The italicized portion above is known as the residual clause of the ACCA. It is this clause that the Supreme Court found to be unconstitutional for vagueness. However, the Supreme Court held:

> We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* and *Sykes* are overruled. <u>Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.</u>

*Johnson*, 135 S. Ct. at 2563 (emphasis added).

The defendants argue the definition of a crime of violence under 18 U.S.C. § 924(c)(3) is similar to that of 18 U.S.C. § 924(e)(2)(B) and 18 U.S.C. § 16. The defendants argue since bank robbery under 18 U.S.C. § 2113 can also be perpetrated by intimidation -- a bank robbery does not have as an element which per se qualifies as a crime of violence under § 924(c) in light of *Johnson*. The defendants further argue the residual clause of both is identical. However, the residual clause of § 924(c)(3)(B) is different from that of § 924(e)(2)(B) because a crime under § 924(c)(3)(B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

Other courts have found the crime of bank robbery to be a crime of violence following *Johnson*. **See, e.g.**, *United States v. Mitchell*, 2015 WL 7283132 (E.D. Wis. Nov. 17, 2015); *United States v. Strong*, 2015 WL 6394237 (W.D.N.C. Oct. 21, 2015); *United States v. Bruce*, 2015 U.S. Dist. Lexis (N.D. Tex. Oct. 13, 2015); *United States v. Hill*, 2015 WL 6560632 (M.D. Pa. Oct. 29, 2015). **See also** Hobbs Act robbery cases: *United States v. Evans*, 2015 U.S. Dist. Lexis 142477 (E.D.N.C. Oct. 20, 2015); *United States v. Hunter*,

2015 U.S. Dist. Lexis 144493 (E.D. Va. Oct. 23, 2015); ***United States v. Brownlow***, 2015 U.S. Dist. Lexis 144784 (N.D. Ala. Oct. 26, 2015); ***United States v. Anglin***, 2015 U.S. Dist. Lexis 151027 (E.D. Wis. Nov. 6, 2015); ***United States v. Melgar-Cabrera***, 2015 U.S. Dist. Lexis 145226 (D.N.M. Aug. 24, 2015).

In summary, the residual clause of § 924(c)(3)(B) is not the same as the residual clause of the ACCA and was not invalidated in ***Johnson***. Bank robbery involves a substantial risk that physical force or violence may be used in committing the robbery especially when a firearm is brandished and discharged in the robbery. The defendants' motions to dismiss are without merit.

## RECOMMENDATION

**IT IS RECOMMENDED TO SENIOR JUDGE LYLE E. STROM** that:

Defendants' motions to dismiss (Filing Nos. 53, 63 and 65) be denied.

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 26th day of January, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

4